**Dennis V. VOHS**

v.

**Ronald W. DICKSON.**

**Elizabeth N. WHITAKER, II**

v.

**Ronald W. DICKSON.**

**STRATEGY, INC.**

v.

**Ronald J. LACHANCE.**

**Civ. A. Nos. 13727, 13728 and 13741.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 13, 1970.

---

Fred L. Somers, Jr., Jones & Somers, Atlanta, Ga., for plaintiffs.

Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for defendants.

SIDNEY O. SMITH, Jr., Chief Judge.

The within cases are again before the court after amendment by plaintiffs following the court's order granting more definite statement on August 13, 1970. Following amendment, the defendants have renewed their motions to dismiss the petitions as amended. Conversely, the plaintiff has moved for default as to Count III.

### MOTION FOR DEFAULT

■ The motion for default is denied. Obviously, the contested portions of Count I and II constitute an integral part of Count III. Moreover, in the interests of justice and to allow a justiciable defense, the court may open a default. In view of the present situation, no answer is yet required by defendants to Counts I and II and the court expressly directs that answers to all three counts be filed contemporaneously at the appropriate time and a motion for default is denied until such time.

### MOTION TO DISMISS

■ Plaintiff's amendments are conditional in that they expressly reserve the right to modification, expansion, and future amendment as may be denied. Such reservation defeats the whole purpose of particularized pleading. In the first order, the court anticipated that plaintiff's counsel might need some time for discovery and conference in order to "get his house in order" to comply with the order for more definite statement. No time was requested. Instead the present amendments were filed. It is apparent to the court that they are deficient in that:

(1) They are not finalized, and

(2) They do not furnish the approximate time or place of the alleged statements, and

(3) They do not furnish the source or person making the alleged statements or failing to act as required.

■ In the court's view, the plaintiffs need not allege the "truth of the facts claimed to have been misrepresented or omitted." Such matters are subject to an evaluation of evidence by the eventual triers of fact and plaintiffs' contentions may be freely discovered by defendants. A fraud case does require particularity to the extent specified and a finalizing of pleadings at an early stage so that defenses may be prepared.

To this end, plaintiff is granted until December 1, 1970, to amend to comply with the terms of this order. At such time, in order to clarify the situation, plaintiffs are directed to replead all claims of fraud rather than to employ the cumbersome "amendment to amend-

ments" method. Such repleadings shall not be subject to future modification or amendment, absent a clear showing of excusable neglect on the part of plaintiffs to state with clarity and completeness all of their claims. If additional time for such purposes is desired, the court will entertain a motion to such effect.

No answers need be filed by defendants until 20 days after the filing of plaintiffs' final amendments.

It is so ordered.